CASE 100—PETITION EQUITY—MAY 28.

# Laughlin, Etc. v. First Nationaɪ Banᴋ of Georgetown, Etc.

APPEAL FROM SCOTT CIRCUIT COURT.

1. PREFERENCE OF CREDITORS—FRAUDULENT JUDGMENT.—If a debtor by collusion with one of his creditors, in contemplation of insolvency, suffers a judgment in favor of such creditor to be rendered against him, such action will operate as an assignment of all his property for the benefit of all his creditors.

OWENS & FINNELL FOR APPELLANTS.

1. There is no evidence in this record that there was any design upon the part of B. J. Laughlin to prefer his brother, or that he knew beforehand anything about the suit that was filed against him; the design to prefer one creditor to the exclusion in whole, or in part, of others, is necessary before it can be declared to operate as an assignment. Grimes' Assignee v. Grimes, 86 Ky., 515; Hampton v. Morris, 2 Met., 336.

2. The statute should not be so construed as that the failure upon the part of the debtor to make an assignment after the filing of suit against him should raise the presumption that he intended to prefer the judgment creditor.

VICTOR F. BRADLEY FOR APPELLEES.

1. B. J. Laughlin was confessedly insolvent at the time of the judgment of his brother against him, and if he had not intended to prefer his brother, he would have immediately made an assignment before a judgment was rendered.

2. Even though there be no direct evidence of collusion, a debtor will be presumed to have intended the usual result of his act in permitting judgment to go against him. Grimes' Assignee v. Grimes, 86 Ky., 511; Thompson v. Heffner's Exor., 11 Bush, 353.

JAMES Y. KELLY ON SAME SIDE.

1. The facts and circumstances show beyond question that the judg-

ment of the Fayette circuit court was the result of collusion between the Laughlins, and was intended by B. J. Laughlin to operate as a preference for the benefit of his brother.

JAMES F. ASKEW OF COUNSEL ON SAME SIDE.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

By the judgment appealed from in this case, it was determined that B. J. Laughlin, defendant in the action, in contemplation of insolvency, and with the design to prefer his co-defendant, Owen Laughlin as a creditor, to the exclusion of his other creditors, including the plaintiff, the Deposit Bank of Georgetown, suffered a judgment to be rendered against him for $2,895.44. It was further adjudged, that the suffering of said judgment operated as an assignment and transfer of all the property and effects of the defendant, B. J. Laughlin, which he owned on the 24th day of November, 1894, and inured to the benefit of all his creditors in proportion to the amount of their respective claims.

It appears that the debt due to Owen Laughlin, was created in 1889, and judgment was rendered thereon in his favor against B. J. Laughlin, in the Fayette circuit court, November 24, 1894.

At the latter date B. J. Laughlin resided on, and owned one-half interest in a tract of land situated in Scott county, and personal property, which at forced sale brought $650, while Owen Laughlin, who was his brother, and owned the other half of said tract, resided in Montgomery county. The evidence shows that the interest of B. J. Laughlin in the tract of land, after satisfying a mortgage lien upon it, did not exceed in value $6,200, and

his entire estate was not worth more than $6,900. His indebtedness then amounted to between eleven and twelve thousand dollars.

It is therefore manifest, that B. J. Laughlin was unable to pay all his creditors, and the judgment in favor of Owen Laughlin, would if enforced have operated as a preference of him to the exclusion in whole, or part of other creditors. The transaction as admitted by both of them is about as follows:

In October, 1894, B, J. Laughlin, requested his brother, Owen, who was then visiting at his house in Scott county, to advance him some money, and take a mortgage on his interest in the tract of land, but it was not then done. Subsequently B. J. Laughlin visited his brother Owen at Mt. Sterling, for the purpose, as he says, of inducing him to advance him the money, and there furnished a statement of his financial condition, as Owen, when in Scott county had requested him to do. Instead of advancing the money, Owen after having a consultation with his attorney, went to Lexington, accompanied by B. J. Laughlin, where suit was brought and summons served on B. J. Laughlin.

We are satisfied the judgment subsequently rendered in that action, was in meaning of the statute, suffered by B. J. Laughlin, in contemplation of insolvency, and with the design to prefer Owen Laughlin, to the exclusion in whole or in part of other creditors.

In the first place, neither of the parties to it, nor so far as this record shows any of the other creditors of B. J. Laughlin then resided in Fayette county, and when

a short time afterward, one of the creditors, a neighbor of B. J. Laughlin, having read in a newspaper published in Lexington, an account of a suit being brought by Owen against B. J. Laughlin, asked him about it, he denied knowing anything on the subject.

Second, it is admitted by Owen Laughlin, that his lawyer advised him, that by bringing the suit in Fayette county he could obtain judgment more speedily, than to bring it either in Montgomery county where he resided, or in Scott county where B. J. Laughlin resided.

Thus two objects, neither according to the ordinary course of business seem to have been contemplated by both of them.

First a speedy judgment which debtors do not ordinarily aid in bringing about; and second recovery of that judgment without the knowledge of other creditors.

Judgment affirmed.